FILED
6/1/2022 10:51 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L004865
Calendar, X
18110886

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALEX BRISENO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| JIJU JOHN, and 2210310 ONTARIO, INC., d/b/a ) | |
| DYNAMIC FREIGHT HAULERS ) | |
| ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

## COMPLAINT AT LAW

### COUNT I
### (Alex Briseno v. Jiju John)

NOW COMES the Plaintiff, ALEX BRISENO, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC., and for Count I of his Complaint at Law, against defendant JIJU JOHN, states:

1. On or before August 5, 2021, Plaintiff, ALEX BRISENO, resided in the Village of Palatine, County of Cook, and State of Illinois.

2. On August 5, 2021, and at all times relevant to this claim, defendant, 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS was a freight and logistics company doing business in the State of Illinois, including Cook County, Illinois.

3. On August 5, 2021, and at all times relevant to this claim, defendant JIJU JOHN was an agent, employee or servant of 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS.

4. On August 5, 2021, Plaintiff, ALEX BRISENO, was operating his semi-tractor trailer westbound on Interstate 80 at or near Briggs Street in Joliet, Illinois.

1

5. On August 5, 2021, Defendant JIJU JOHN was operating a semi-tractor trailer and was driving that truck in a westbound direction on Interstate 80 at or near Briggs Street in Joliet, Illinois.

6. On August 5, 2021, the semi-tractor trailer operated by JIJU JOHN was owned, operated, and/or managed by defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS.

7. On August 5, 2021, defendant JIJU JOHN was driving the semi-tractor trailer as an agent, employee, contractor or servant of defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS in the furtherance of his work for defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS.

8. While driving the semi-tractor trailer, defendant JIJU JOHN owed a duty of reasonable care in the operation of that truck in order to avoid colliding with, striking or contacting other vehicles on the roadway, including the vehicle being operated by Plaintiff, ALEX BRISENO.

9. At that time and place, notwithstanding that duty, defendant JIJU JOHN collided with and/or struck the rear of the vehicle being operated by Plaintiff, ALEX BRISENO.

10. At that time and place, defendant JIJU JOHN, individually, and as an agent, servant, or employee of defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer defendant JIJU JOHN was driving;

    (b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ALEX BRISENO, while driving semi-tractor trailer;

    (c) Failed to sound the horn while driving the semi-tractor trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ALEX BRISENO in violation of 625 ILCS 5/11-705;

(d) Drove 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS' semi-tractor trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

OR

(e) Was otherwise negligent or careless.

11. One or more of these acts and/or omissions of defendant JIJU JOHN was a proximate cause of the contact between JIJU JOHN's semi-tractor trailer and the vehicle being operated by ALEX BRISENO.

12. As a direct and proximate result of one or more of these acts and/or omissions by defendant JIJU JOHN, Plaintiff, ALEX BRISENO sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff ALEX BRISENO, demands judgment against defendant JIJU JOHN, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT II
### (Alex Briseno v. 2210310 Ontario, Inc., d/b/a Dynamic Freight Haulers)

NOW COMES Plaintiff ALEX BRISENO, by and through his attorneys TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC, and for Count II of his Complaint at Law against defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS, states:

1-9. Plaintiff adopts and re-alleges Paragraphs One (1) through Nine (9) of Count I of this Complaint at Law as Paragraphs One (1) through Nine (9) inclusive of this Count II, as though fully set forth herein

10. At that time and place, defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS, by and through its agent, employee or servant JIJU JOHN was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer defendant JIJU JOHN was driving;

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including ALEX BRISENO, while driving semi-tractor trailer;

(c) Failed to sound the horn while driving the semi-tractor trailer when the use of the horn was reasonably necessary to ensure the safety of others using the road, including ALEX BRISENO in violation of 625 ILCS 5/11-705;

(d) Drove 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS' semi-tractor trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

OR

(e) Was otherwise negligent or careless.

11. One or more of these acts and/or omissions of 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS, by and through its agent, employee or servant, JIJU JOHN, was a proximate cause of the contact between JIJU JOHN's semi-tractor trailer and the vehicle being operated by ALEX BRISENO.

12. As a direct and proximate result of one or more of these acts and/or omissions by defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS by and through its agent, employee or servant, JIJU JOHN, Plaintiff, ALEX BRISENO, sustained severe and

FILED DATE: 6/1/2022 10:51 AM  2022L004865

permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff, ALEX BRISENO, demands judgment against defendant 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

Respectfully Submitted,

/s/ Jonathan D. Treshansky

Jonathan D. Treshansky

**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.**
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No.:61090
jtreshansky@tpmbegal.com

5

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 8/3/2022 9:30 AM

FILED
6/1/2022 10:51 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L004865
Calendar, X
18110886

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALEX BRISENO | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| JIJU JOHN, and 2210310 ONTARIO, INC., d/b/a DYNAMIC FREIGHT HAULERS | ) |
| Defendants. | ) |

### AFFIDAVIT PURSUANT TO
### ILLINOIS SUPREME COURT RULE 222

I, JONATHAN D. TRESHANSKY, under oath and pursuant to the penalties of perjury, depose and state that the damages sought in this case exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and correct based upon the personal knowledge of the undersigned.

By: _____
Jonathan D. Treshansky

TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC.
225 W. Wacker Drive, Suite 1650
Chicago, IL 60606
T: 312.586.1700
F: 312.586.1701
I.D. No.:61090
jtreshansky@tpmbegal.com